OPINION
{¶ 1} On June 12, 2002, the Stark County Grand Jury indicted appellant, Robert Russell, on one count of grand theft in violation of R.C. 2913.02. Said charge arose from appellant's role as president and treasurer of Washington Products.
 {¶ 2} A jury trial commenced on November 14, 2002. The jury found appellant guilty as charged. By judgment entry filed December 20, 2002, the trial court sentenced appellant to five years of community control which included a sixty day jail term.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO DEFENDANT-APPELLANT BY ITS FAILURE TO GIVE THE JURY COMPLETE INSTRUCTIONS ON ALL ISSUES RAISED BY THE EVIDENCE."
 I {¶ 5} Appellant claims the trial court erred in not giving complete jury instructions. We disagree.
 {¶ 6} The giving of jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. State v. Martens (1993), 90 Ohio App.3d 338. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. Jury instructions must be reviewed as a whole. Statev. Coleman (1988), 37 Ohio St.3d 286.
 {¶ 7} Crim.R. 30(A) governs instructions and states as follows:
 {¶ 8} "At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. Copies shall be furnished to all other parties at the time of making the requests. The court shall inform counsel of its proposed action on the requests prior to counsel's arguments to the jury and shall give the jury complete instructions after the arguments are completed. The court also may give some or all of its instructions to the jury prior to counsel's arguments. The court need not reduce its instructions to writing.
 {¶ 9} "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury."
 {¶ 10} Appellant did not file a written request for specific jury instructions, and did not object to the trial court's jury instructions. The trial court specifically asked trial counsel "Do either counsel need to approach on the instructions?" Vol. 2 T. at 621. Both counsel answered in the negative. Id.
 {¶ 11} Based upon appellant's failure to proffer instructions or object to the instructions and bring the issue to the trial court's attention for consideration, we must address this assignment under theplain error doctrine. State v. Williford (1990), 49 Ohio St.3d 247. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. State v. Long (1978), 53 Ohio St.2d 91; Crim.R. 52(B). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Long, at paragraph three of the syllabus.
 {¶ 12} Appellant was charged with grand theft in violation of R.C. 2913.02 which states as follows:
 {¶ 13} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 {¶ 14} "(1) Without the consent of the owner or person authorized to give consent;
 {¶ 15} "(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;
 {¶ 16} "(3) By deception;
 {¶ 17} "(4) By threat;
 {¶ 18} "(5) By intimidation."
 {¶ 19} The trial court charged the jury as to the specific elements of theft. Vol. II T. at 609-613. Appellant argues the charge was insufficient as it pertained to the facts sub judice. Because appellant was chief financial officer of Washington Products, appellant argues the trial court should have further defined "without consent" and "beyond the scope of the express or implied consent."
 {¶ 20} The jury charge is explicit as to the statutory elements and the definition of consent. Vol. II T. at 609-613. The prosecutor and defense counsel both addressed the issue of consent in their respective closing arguments. Id. at 587-588, 590-591, 594, 599-600. Upon review, we find no error in the trial court's instructions.
 {¶ 21} The sole assignment of error is denied.
 {¶ 22} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Hoffman, P.J., and Boggins, J. concur.