[Cite as *Cincinnati v. Ilg*, 2013-Ohio-2191.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF CINCINNATI, | : | APPEAL NO. C-120667 |
| | | TRIAL NO. 11TRC-53698 |
| Plaintiff-Appellant, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| DANIEL ILG, | : | |
| | | |
| Defendant-Appellee. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: May 31, 2013

*John Curp*, City Solicitor, *Charlie Rubenstein,* City Prosecutor, and *Jennifier Bishop,* Assistant City Prosecutor, for Plaintiff-Appellant,

*The Law Office of Steven R. Adams, Steven R. Adams* and *Marguerite Slagle,* for Defendant-Appellee.

Please note: this case has been removed from the accelerated calendar.

**HILDEBRANDT, Judge.**

{¶1} Plaintiff-appellant city of Cincinnati appeals the judgment of the Hamilton County Municipal Court granting a motion for sanctions for failure to comply with the court's discovery order.

### Ilg's Discovery Efforts

{¶2} In 2011, defendant-appellee Daniel Ilg was charged with driving with a prohibited breath-alcohol concentration and driving while impaired. During discovery, Ilg sought a number of documents from the Ohio Department of Health ("the ODH") relating to the performance of the Intoxilyzer 8000, the machine the city had used to measure his breath-alcohol concentration. Among other items, Ilg sought the ODH's computerized online breath archives, or "COBRA" data.

{¶3} When he did not receive the requested material, Ilg served the ODH with two subpoenas duces tecum. Those efforts also proved futile, and Ilg then filed a motion to compel the production of the documents along with a motion for sanctions. The city countered with a motion to strike the subpoenas, and the trial court conducted a hearing on August 27, 2012.

{¶4} ODH representative Mary Martin testified at the hearing. Martin testified that the Intoxilyzer 8000 saves data for each test that is performed, and that this COBRA information is compiled by the ODH in a spreadsheet. But Martin stated that the COBRA material was stored in a "read-only" format and that ODH did not have the resources to copy the database for dissemination. The trial court granted the motion to compel and ordered ODH to produce the COBRA data as well as other material listed in the subpoenas duces tecum.

{¶5} On September 25, 2012, the trial court conducted another hearing to address the discovery issues. At that hearing, the parties indicated that certain documents had been produced but that the COBRA data had not been provided to

Ilg. Martin again testified that the ODH did not have the personnel or technology required to provide the requested material.

{¶6} The trial court then ordered the exclusion of the breath test from evidence, leaving the case to proceed on the impairment charge alone. The city appealed.

### The Motion to Quash

{¶7} In its first assignment of error, the city argues that the trial court erred in ordering the production of the documents listed in Ilg's subpoenas duces tecum. But because the trial court's decision regarding the exclusion of the breath test was based on the state's failure to produce the COBRA data, we confine our discussion to that portion of the discovery order.

{¶8} When deciding a motion to quash a subpoena under Crim.R. 17, the trial court must conduct an evidentiary hearing. *In Re Subpoena Duces Tecum Served upon Attorney Potts,* 100 Ohio St.3d 97, 2003-Ohio-5324, 796 N.E.2d 915, paragraph one of the syllabus. At the hearing, the proponent of the subpoena bears the burden of demonstrating that the subpoena is not unreasonable or oppressive by showing (1) that the subpoenaed documents are evidentiary and relevant; (2) that they are not otherwise reasonably procurable in advance of trial by due diligence; (3) that the proponent cannot properly prepare for trial without production and inspection of the documents and that the failure to obtain the documents may tend to unreasonably delay the trial, and (4) that the subpoena is made in good faith and not intended as a general "fishing expedition." *Id.* An appellate court generally applies an abuse-of-discretion standard in reviewing a trial court's decision concerning a motion to quash a subpoena. *State v. Strickland,* 183 Ohio App.3d 602, 2009-Ohio-3906, 918 N.E.2d 170, ¶ 37 (8th Dist.).

{¶9} In the case at bar, we find no abuse of discretion. The evidence indicated that the COBRA database was a comprehensive repository of information

3

relative to the functioning of the Intoxilyzer 8000 used in this case. Ilg therefore demonstrated that the COBRA data was relevant to the reliability of his breath test. The evidence further indicated that Ilg could not procure the data without the cooperation of the ODH, that the material was needed for trial preparation, and that he had requested the material in good faith. Although Martin testified that compliance with the court's discovery order would have been difficult and would have required additional resources, we cannot say that the trial court's order was arbitrary, unreasonable, or unconscionable.

{¶10} The city maintains that Ilg's request—and the trial court's discovery order—went beyond the scope of what was relevant. According to the city, the court required the ODH to disclose material relating to the reliability of the Intoxilyzer 8000 in general, rather than the reliability of the breath test in Ilg's case. Thus, the city maintains that the court's order ran afoul of *State v. Vega,* 12 Ohio St.3d 185, 465 N.E.2d 1303 (1984) and *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, in which the Supreme Court of Ohio held that determining the general reliability of a testing machine was within the sole province of the ODH.

{¶11} Again, this argument is not persuasive. The subpoenas duces tecum specifically identified the machine used to test Ilg's breath, and the entry granting the motion to compel did not expand the terms of the subpoenas. The city has therefore failed to demonstrate that the order exceeded the permissible scope of *Vega* and *Burnside.* Moreover, even if the court's order could conceivably be construed as overbroad, the fact remains that the ODH did not produce *any* of the COBRA data. The city thus cannot complain about any overbreadth in the discovery order, and we overrule the first assignment of error.

### The Exclusion of the Breath Test

{¶12} In its second and final assignment of error, the city contends that the trial court erred in excluding the breath test from evidence because the discovery violation had been attributable to the ODH, which was not a party to the prosecution. In essence, the city argues that the court improperly sanctioned it for the acts or omissions of the state of Ohio.

{¶13} We find no merit in this assignment. Cities are regarded as subordinate governmental instrumentalities created by the states to assist in the carrying out of state functions. *See, e.g.*, *Reynolds v. Sims,* 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964); *South Euclid v. Swirsky,* 8th Dist. No. 79865, 2002-Ohio-1072. As such, a city and the state are essentially the same sovereign, and the city in this case may not avoid the consequences of the ODH's failure to comply with the court's order.

{¶14} Moreover, the trial court's exclusion of the test in this case was not merely punitive. As we have already stated, the material sought in discovery was relevant to Ilg's defense. Therefore, the discovery violation implicated Ilg's fundamental right to a fair trial, and the trial court's sanction was reasonably calculated to protect that right. We overrule the second assignment of error.

### Conclusion

{¶15} We affirm the judgment of the trial court

Judgment affirmed.


**HENDON, P.J.,** and **FISCHER, J.,** concur.


Please note:

The court has recorded its own entry this date.