[Cite as *Parma v. Schoonover*, 2014-Ohio-400.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100152**

# CITY OF PARMA

PLAINTIFF

vs.

# SCOTT SCHOONOVER

DEFENDANT-APPELLEE

[Appeal by Department of Health]

**JUDGMENT:**
REVERSED

Criminal Appeal from the
Parma Municipal Court
Case No. 12 TRC 17454

**BEFORE:** Jones, P.J., S. Gallagher, J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 6, 2014

**ATTORNEYS FOR NON-PARTY APPELLANT**

Mike DeWine
State Attorney General

Lyndsay Nash
Assistant State Attorney General
30 East Broad Street, 26th Floor
Columbus, Ohio 43215


 **ATTORNEY FOR PLAINTIFF**

Richard A. Neff
614 W. Superior Avenue
Suite 1310
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

For Scott Schoonover

Hector G. Martinez, Jr.
Hector G. Martinez, Jr., Co.
4130 State Route 306
Suite 240
Willoughby, Ohio 44094

LARRY A. JONES, SR., P.J.:

**{¶1}** Non-party appellant, the Ohio Department of Health ("ODH"), appeals the trial court's denial of its motion to quash a subpoena. Finding merit to the appeal, we reverse.

## I. Procedural History

**{¶2}** In 2012, defendant-appellee, Scott Schoonover, was charged in Parma Municipal Court with operating a vehicle while under the influence of alcohol, prohibited blood alcohol content, failure to display his operator's license, no headlights, and a speeding violation.

**{¶3}** Schoonover filed a motion to suppress, which was set for an oral hearing. He also served a subpoena duces tecum on an employee of the ODH seeking

> a copy of any and all records maintained by the Ohio Dept. of Safety relating to the Intoxilyzer 8000, serial number 90-004181, located at the Parma Police Department.

The subpoena requested numerous documents that were divided into categories "a - k."

**{¶4}** The ODH determined that it would provide Schoonover with documents to satisfy categories "b - i," but filed a motion to quash the subpoena as it related to categories "a," "j," and "k." Categories "a," "j," and "k" included:

> a. Any and all computerized online breath archives data, also knows as "COBRA" data;
>
> * * *
>
> j. Any and all correspondence, including but not limited to, letters, emails, memorandums, correspondence, notes, text messages, internal correspondence regarding the Intoxilyzer 8000 among and between Ohio

Dept. of Health employees and/or agents, Ohio Dept. of Public Safety employees and/or agents, and CMI, Inc. employees and/or agents.

k. Any and all communications between Ohio Dept. of Health and the Parma Police Dept. and/or any prosecuting or assisting prosecuting attorney for the City of Parma about the Intoxilyzer 8000.

{¶5} In its motion to quash, the ODH argued that categories "a" and "j" should be quashed pursuant to Ohio Crim.R. 17(C) as unreasonable or oppressive and that no documents existed as to category "k." The ODH also outlined the four-factor test set forth in *In re Subpoena Duces Tecum Served upon Attorney Potts*, 100 Ohio St.3d 97, 2003-Ohio-5234, 796 N.E.2d 915, and argued that Schoonover could not make the requisite showing necessary to require the ODH to produce the documents.

{¶6} The trial court denied the motion to quash and ordered the items produced. The trial court did not hold a hearing on the motion to suppress and granted the ODH's motion to stay the case pending appeal.

{¶7} The ODH filed a notice of appeal and raised one assignment of error for our review:

[I.] The trial court abused its discretion by ordering [ODH] to produce documents related to the general reliability of the Intoxilyzer 8000 without holding an evidentiary hearing.

## II. Law and Analysis

{¶8} Although discovery orders are generally interlocutory, denials of motions to quash subpoenas served on non-parties are final appealable orders. *Tisco Trading USA, Inc. v. Cleveland Metal Exchange, Ltd.*, 8th Dist. Cuyahoga No. 97114, 2012-Ohio-493, ¶

5, citing *Munro v. Dargai*, 8th Dist. Cuyahoga No. 54622, 1988 Ohio App. LEXIS 1144 (Mar. 31, 1988). We apply an abuse of discretion standard in reviewing a trial court's decision concerning a motion to quash a subpoena. *State v. Strickland*, 183 Ohio App.3d 602, 2009-Ohio-3906, 918 N.E.2d 170, ¶ 37 (8th Dist.).

{¶9} The ODH filed its motion to quash pursuant to Crim.R. 17(C). The Ohio Supreme Court has adopted a four-part test with regard to a motion to quash filed pursuant to Crim.R. 17(C). *Potts*, 100 Ohio St.3d 97, 2003-Ohio-5234, 796 N.E.2d 915, at paragraph one of the syllabus, citing *United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L. Ed.2d 1039 (1974). In accordance with *Nixon*, the proponent of the subpoena must show (1) that the subpoenaed documents are evidentiary and relevant; (2) that they are not otherwise reasonably procurable in advance of trial by due diligence; (3) that the proponent cannot properly prepare for trial without production and inspection of the documents and that the failure to obtain the documents may tend to unreasonably delay the trial, and (4) that the subpoena is made in good faith and is not intended as a general fishing expedition. *Potts* at *id.*

{¶10} "Pursuant to *Nixon*, the trial court is required to conduct an evidentiary hearing, at which the party filing the subpoena duces tecum must convince the court that the information sought in the subpoena meets the *Nixon* test." *Id.* at ¶ 14. "At the hearing, which may be held in camera, the proponent of the subpoena must demonstrate that the subpoena is not unreasonable or oppressive by showing that the request satisfies the *Nixon* factors." *Id.* at ¶ 16.

{¶11} In *State v. Baker*, 12th Dist. Warren No. CA2009-06-079, 2010-Ohio-1289, the defendant was charged with operating a vehicle while under the influence of alcohol. The defendant filed a motion to suppress and also filed a subpoena duces tecum, commanding the state trooper who arrested her to appear in court and to bring the following items with him: "The BAC DataMaster serial # 130675, along with all operator's manuals, [the] Department of Health DataMaster Training Manual, and ALL maintenance records for said instrument." *Id.* at ¶ 9.

{¶12} On the day of the motion to suppress hearing, the prosecutor filed a motion to quash the defendant's subpoena duces tecum. The trial court proceeded with the motion to suppress hearing and held its ruling on the motion to quash in abeyance. It eventually granted the prosecutor's motion to quash with respect to the BAC DataMaster, but did so without holding an evidentiary hearing.

{¶13} On appeal, the Twelfth Appellate District determined that the trial court erred in granting the motion to quash without first holding an evidentiary hearing. The court noted that the "*Potts* decision expressly mandated that a trial court conduct a separate evidentiary hearing to determine whether a subpoena duces tecum is unreasonable or oppressive under *Nixon*." *Id.* at ¶ 21, citing *Potts* at ¶ 14-15.

{¶14} Thus, pursuant to *Potts*, once a motion to quash a subpoena duces tecum is filed, the proponent of the subpoena bears the burden of showing, at an evidentiary hearing, that he or she can meet the four-factors set forth in *Nixon* to show that the subpoena is not unreasonable or oppressive.

{¶15} In the case at bar, the trial court summarily ruled on the ODH's motion to quash without holding the requisite evidentiary hearing and applying the *Nixon* test. There is also no evidence that the trial court solicited evidence from Schoonover, the proponent of the subpoena, on the four *Nixon* factors; in fact, the record indicates that the trial court denied the motion to quash within a day of when it was filed.

{¶16} Because the trial court did not hold an evidentiary hearing to address the *Nixon* test, we reverse the judgment of the trial court and remand the case to the trial court to hold an evidentiary hearing and apply the appropriate standard to the motion to quash.

{¶17} The sole assignment of error is sustained.

{¶18} Judgment reversed and case remanded.

It is ordered that appellant recover of appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS WITH
SEPARATE OPINION

SEAN C. GALLAGHER, J., CONCURRING:

{¶19} While I concur with the judgment and analysis of the majority, I write separately to give some context to the trial court's decision to deny the state's motion to quash the subpoena.

{¶20} Municipal courts across Ohio are inundated with challenges to the admissibility of results produced by the Intoxilyzer 8000. Many courts are admitting the test results as reliable because of the approval of these machines by the Director of the Ohio Department of Health. *See generally State v. Bergman,* 11th Dist. Portage No. 2012-P-0124, 2013-Ohio-5811. Nevertheless, many of these same courts are allowing defendants to challenge their specific test results because of concerns about the reliability of the Intoxilyzer 8000 machines. *See generally State v. Gerome,* Athens M.C. No. 11TRC017334 (June 29, 2011).

{¶21} A debate is now under way in these courts over whether the challenges to the test results produced by the Intoxilyzer 8000 represent a general attack on breath testing precluded by *State v. Vega,* 12 Ohio St.3d 185, 190, 465 N.E.2d 1303 (1984), or simply an attempt to challenge a specific test result that *Vega* presumably allowed. In many instances, as is the case here, courts have permitted defendants to access data involving specific Intoxilyzer 8000 machines through the discovery process. Nevertheless, as the majority notes, the *Potts* decision requires an evidentiary hearing where a motion to quash a subpoena is filed. *Potts*, 100 Ohio St.3d 97, 2003-Ohio-5234, 796 N.E.2d 915. In fairness to the trial court, these hearings are often perfunctory where the trial court has

already made a decision in similar cases to allow the discovery of data related to a specific Intoxilyzer 8000 breath-testing device. *See generally Cincinnati v. Ilg,* 1st Dist. Hamilton No. C-120667, 2013-Ohio-2191.

{¶22} In any event, I agree with the majority that the state is entitled to its day in court.