[Cite as *State v. Littrell*, 2014-Ohio-2130.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J.<br>Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 13-CA-75 |
| RUSSELL D. LITTRELL | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of
                              Common Pleas, Case No. 13CR00301


JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       May 12, 2014


APPEARANCES:


For Plaintiff-Appellee                For Defendant-Appellant


KENNETH W. OSWALT                     WILLIAM T. CRAMER
Licking County Prosecutor            470 Olde Worthington Road, Suite 200
                                     Westerville, Ohio 43082
By: JUSTIN T. RADIC
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

*Hoffman, P.J.*

{¶1}    Defendant-appellant Russell Littrell appeals his conviction entered by the Licking County Court of Common Pleas on one count of carrying a concealed weapon, in violation of R.C. 2923.12(A)(1).  Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2}    Appellant and D.L. resided with Appellant's mother at all times relevant herein.  Appellant and his mother had a dispute concerning money.  During the altercation, Appellant threw a glass of water in his mother's face.  When she attempted to retrieve her cell phone, Appellant grabbed the phone and pushed his mother down, stating, "You're not calling the police."  Appellant subsequently left the residence.

{¶3}    The following morning, Appellant returned to the residence, pounding on the doors and windows, yelling.  His mother called law enforcement.

{¶4}    D.L. and Appellant moved out of the residence to another friend's house. The next morning, D.L. awakened to Appellant on the telephone speaking loudly with his father.  The friend they were residing with told Appellant and D.L. to leave the house.  As D.L. and Appellant were walking away, Appellant told D.L. to stop following him.  He then pulled a knife, stating he was going to stab D.L. if she kept following him. The two then parted ways.

{¶5}    Appellant later returned to his mother's residence where D.L. was sleeping on the couch.  D.L. let Appellant into the residence.  He then became angry when she would not give him a cigarette, and threatened to kill her.  After he went outside, D.L. locked all the doors, making Appellant angry.  Appellant banged on the windows and yelled, "You think this is funny, bitch.  I'll fucking kill you."  A neighbor called police.

{¶6} Upon arrival of law enforcement, Appellant was placed in a squad car. Appellant was wearing a hoodie, pants and a bandana around his head. The hoodie hung below Appellant's waist, was unzipped and he did not have a shirt underneath.

{¶7} The officers searched Appellant for weapons. Detective McGeorge testified at trial he retrieved a knife from Appellant's right hip, under his jacket, partially concealed in his pocket. Detective McGeorge stated he was not able to see the knife because Appellant's jacket [hoodie] was covering the top, and the bottom part of the sheath was in Appellant's front pocket. The knife was a fixed-blade hunting knife with a black handle. The blade was approximately six or seven inches, with a handle approximately ten inches long.

{¶8} Detective McGeorge further testified Appellant appeared to be under the influence of drugs or alcohol, and he smelled of alcohol.

{¶9} The Licking County Grand Jury indicted Appellant on one count of domestic violence causing physical harm, in violation of R.C. 2919.25(A); one count of domestic violence based on the threat of force, in violation of R.C. 2919.25(C); and one count of carrying a concealed weapon, in violation of R.C. 2923.12(A)(1). All three counts were elevated in degree due to Appellant's prior convictions on misdemeanor domestic violence.

{¶10} Following a jury trial, Appellant was convicted of domestic violence causing physical harm, in violation of R.C. 2919.25(A), and carrying a concealed weapon, in violation of R.C. 2923.12(A)(1). The trial court dismissed the count of domestic violence based on the threat of force, and imposed two consecutive fifteen month prison terms for an aggregate thirty month term of incarceration.

{¶11} Appellant appeals, assigning as error:

{¶12} "I. APPELLANT'S RIGHT TO DUE PROCESS UNDER THE STATE AND FEDERAL CONSTITUTIONS, AND EVID.R. 403, WERE VIOLATED BY THE ADMISSION OF A POLICE CRUISER VIDEO.

{¶13} "II. APPELLANT'S RIGHTS TO A JURY TRIAL AND DUE PROCESS UNDER THE STATE AND FEDERAL CONSTITUTIONS WERE VIOLATED WHEN THE JURY WAS PROVIDED WITH AN INSTRUCTION ON CARRYING A CONCEALED WEAPON THAT FAILED TO CONVEY THE REQUIREMENT OF KNOWING CONCEALMENT."

{¶14} "III. APPELLANT WAS DEPRIVED OF HIS RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE STATE AND FEDERAL CONSTITUTIONS BECAUSE DEFENSE COUNSEL FAILED TO OBJECT TO THE ERRONEOUS JURY INSTRUCTION ON CARRYING A CONCEALED WEAPON.

{¶15} "IV. APPELLANT WAS DEPRIVED OF HIS RIGHTS TO DUE PROCESS UNDER THE STATE AND FEDERAL CONSTITUTIONS BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE CONVICTIONS.

{¶16} "V. THE JURY'S FINDING THAT APPELLANT WAS GUILTY OF CARRYING A CONCEALED WEAPON WAS NOT SUPPORTED BY THE WEIGHT OF EVIDENCE."

I.

{¶17} In the first assignment of error, Appellant maintains the trial court erred in admitting the police cruiser video. Specifically, Appellant argues the video showed Appellant handcuffed in the back of the police cruiser while being transported to jail. In

the video, Appellant appears extremely angry and intoxicated, while cursing incessantly. Further, Appellant references his prior criminal activity, and acts disruptively and rudely to the law enforcement officers.

**{¶18}** Evidence Rule 402 reads,

**{¶19}** "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio. Evidence which is not relevant is not admissible."

**{¶20}** The issue of whether testimony is relevant or irrelevant, confusing or misleading is best decided by the trial judge who is in a significantly better position to analyze the impact of the evidence on the jury." *State v. Taylor,* 39 Ohio St.3d 162, 164, 529 N.E.2d 1382(1988).

**{¶21}** Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. Generally, all relevant evidence is admissible, and irrelevant evidence is inadmissible. Evid.R. 402.

**{¶22}** In *State v. Pryor,* Licking App. No. 6836255, 2013-Ohio-5693, this Court addressed the issue presented herein,

**{¶23}** "Appellant argues, though, the trial court erred in failing to exclude the statements pursuant to Evid.R. 403(A), which provides that otherwise relevant evidence is inadmissible 'if its probative value is substantially outweighed by the danger of unfair

prejudice, of confusion of the issues, or of misleading the jury.' A trial court has broad discretion to determine whether relevant evidence must be excluded in accordance with Evid.R. 403(A) because 'the exclusion of relevant evidence under Evid.R. 403(A) is even more of a judgment call than determining whether the evidence has logical relevance in the first place.' *State v. Yarbrough,* 95 Ohio St.3d 227, 2002–Ohio–2126, 767 N.E.2d 216, at ¶ 40.

{¶24} "Admission of portions of the jail calls was not an abuse of the trial court's discretion. We agree the evidence is relevant because the jury could infer appellant's apologies to M.E. on the tapes indicate consciousness of guilt. '[C]ourts in Ohio * * * have affirmed that apologies constitute a 'consciousness of guilt.' *State v. Tvaroch,* 11th Dist. Trumbull No.2012–T–0008, 2012–Ohio–5836, 982 N.E.2d 751, appeal not allowed, 134 Ohio St.3d 1508, 2013–Ohio–1123, 984 N.E.2d 1102, citing *State v. Tichaona,* 11 th Dist. Portage No.2010–P–0090, 2011–Ohio–6001, ¶ 42; *State v. Sims,* 12th Dist. Butler No.2007–11–300, 2009–Ohio–550, ¶ 24; *People v. Grathler,* 368 Ill.App.3d 802, 808, 306 Ill.Dec. 879, 858 N.E.2d 937 (5th Dist.2006); *Commonwealth v. Martin,* 59 Mass App.Ct. 1109, 797 N.E.2d 947 (2003). Moreover, appellant acknowledges pending criminal charges in reference to M.E. and asks her whether she's received his letters.

{¶25} "All relevant evidence is of course 'prejudicial,' but the record reveals the trial court properly admitted the portions of these jail calls after careful consideration of their admissibility. See, *State v. Sowell,* 10th Dist. Franklin No. 06AP–443, 2008–Ohio–3285, ¶ 81–82, appeal not allowed, 120 Ohio St .3d 1421, 2008–Ohio–6166, 897 N.E.2d 655."

{¶26} Upon our review of the evidence and record herein, we find the video at issue demonstrates Appellant's state of mind which was relevant to the domestic violence charges and demonstrates his level of intoxication.  At times Appellant states he does not have a weapon and at other times admits to carrying the knife.  Appellant's statements regarding the positioning of the knife are directly contradicted by the testimony of Detective McGeorge who testified he located the knife by pulling Appellant's jacket [hoodie] back and finding it in a sheath attached to Appellant's right hip.  As Appellant was charged with domestic violence with physical harm and carrying a concealed weapon, we do not find the trial court abused its discretion in the admission of the evidence.  If nothing else, the video gave the jury a real life visualization of Appellant's clothing as it related to the issue of concealment of the knife.

{¶27} The first assignment of error is overruled.

II.

{¶28} In the second assignment of error, Appellant maintains the trial court erred in instructing the jury as to the offense of carrying a concealed weapon.  Specifically, Appellant argues the trial court failed to instruct on the requirement of "knowing" concealment.

{¶29} Appellant was charged with carrying a concealed weapon, in violation of R.C. 2923.12(A), which reads:

{¶30} "(A) No person shall knowingly carry or have, concealed on the person's person or concealed ready at hand, any of the following:

{¶31} "(1) A deadly weapon other than a handgun;

{¶32} "(2) A handgun other than a dangerous ordnance;

{¶33} "(3) A dangerous ordnance."

{¶34} In instructing the jury on the charge, the trial court stated,

{¶35} "Count 3 - Carrying a Concealed Weapon; in Count 3 the Defendant is charged with Carrying a Concealed Weapon. Before you can find the Defendant guilty of this offense, you must be convinced that the prosecution has proven each and every one of the following elements beyond a reasonable doubt. The elements of this offense are as follows: that on or about May 12, 2013; and here in Licking County; the Defendant, Russell Littrell, as opposed to someone else; knowingly carried or had concealed on his person or concealed ready at hand; a deadly weapon other than a handgun.

{¶36} "Now, let me define the new terms with regard to this count.

{¶37} "Knowingly - - same definition. I won't repeat it.

{¶38} "Had. Had means to have possessed or had possession of. A person had possession when he had the object on or about his person, property, or places where it was accessible to his use or direction and he had the bility [sic] - - the ability to control its use. Ownership is not necessary. A person may possess or control property belonging to another. Two or more persons may have possession of the same object, if together they have the ability to control it exclusive of others.

{¶39} "Possession. Possession means having control over a thing or substance but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found.

{¶40} "Concealed. Concealed means that the knife was out of sight or so hidden that it could not be seen by ordinary observation by others near enough to see it.

**{¶41}** "Ready at Hand.  Ready at hand means so near as to be conveniently accessible and within immediate physical reach.

**{¶42}** "Deadly Weapon.  Deadly weapon means any instrument, device, or thing capable of inflicting death, and designed or specifically adapted for use as a weapon, or possessed, carried, or used as a weapon.

**{¶43}** "If you find that the State proved beyond a reasonable doubt all the essential elements of the crime of Carrying a Concealed Weapon as alleged in Count 3, then your verdict must be guilty.

**{¶44}** "If you find that the State failed to prove beyond a reasonable doubt any one of the essential elements of the offense of Carrying a Concealed Weapon as alleged in Count 3, then your verdict must be not guilty."

**{¶45}** Tr. at 194-196.

**{¶46}** The trial court defined "knowingly" in its instruction on domestic violence,

**{¶47}** "Knowingly.  A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or that his conduct will probably be of a certain nature.  A person has knowledge of circumstances when he is aware that such circumstances probably exist.  Since you cannot look into the mind of another, knowledge is determined from all the facts and circumstances in evidence. You will determine from these facts and circumstances whether there existed at the time in the mind of the Defendant an awareness or belief that his conduct could result in physical harm to R.H."

**{¶48}** Tr. At 188.

**{¶49}** Appellant argues the trial court's instruction on "knowingly" only applied to "carried or had", without addressing the issue of "knowingly concealed".

**{¶50}** Appellant's counsel failed to object to the jury instructions as stated; therefore, the judgment of the trial court will not be overturned but for plain error and only to prevent a manifest miscarriage of justice. *State v. Long*, 53 Ohio St.2d 91; *State v. Glagola* 5th Dist. Stark No. 2003CA00006, 2003-Ohio-6018. In order to find plain error under Criminal Rule 52(B), it must be determined, but for the error, the outcome of the trial clearly would have been otherwise. Id. Appellant bears the burden of demonstrating plain error. Id.

**{¶51}** This Court held in *State v. Russell*, 5th Dist. Stark No. 2003CA00039, 2003-Ohio-5324, where a trial court charges a jury as to the specific elements of the crime, neither trial counsel objects to the instructions, and both counsel address the issue complained of on appeal in their closing to the jury, plain error will not be found.

**{¶52}** Here, neither counsel objected to the jury instructions as set forth by the trial court. The jury charge stated the statutory elements of carrying a concealed weapon. The trial court defined the terms "knowingly," "had," "possession," "concealed," "ready at hand," and "deadly weapon." The definitions provided were identical to those recommended by the Ohio Jury Instructions. Further, during closing arguments both trial counsel addressed the concepts of knowingly and concealed.

**{¶53}** Accordingly, we do not find plain error in the trial court's instruction to the jury on the charge of carrying a concealed weapon.

**{¶54}** The second assignment of error is overruled.

III.

**{¶55}** In the third assignment of error, Appellant maintains he was deprived of the effective assistance of counsel due to defense counsel's failure to object to the trial court's instruction to the jury on the charge of carrying a concealed weapon.

**{¶56}** To succeed on a claim of ineffectiveness, an appellant must satisfy a two-prong test. Initially, an appellant must show trial counsel acted incompetently. *See, Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158 (1955). "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

**{¶57}** Even if an appellant shows counsel was incompetent, the appellant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the appellant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley* at 143, 538 N.E.2d 373, quoting *Strickland* at 697.

Accordingly, we will direct our attention to the second prong of the *Strickland* test. *In re Huffman,* 5th Dist. Stark No.2005–CA–00107, 2005–Ohio–4725, ¶ 22.

**{¶58}** Based upon our analysis and disposition of Appellant's second assignment of error, we do not find the outcome of the trial would have been otherwise but for any presumed error of trial counsel in failing to object to the jury instruction discussed in Assignment of Error II., supra. There was ample evidence Appellant knowingly concealed the knife.

**{¶59}** The third assignment of error is overruled.

## IV. and V.

**{¶60}** In the fourth and fifth assignments of error, Appellant maintains his conviction for carrying a concealed weapon is against the manifest weight and sufficiency of the evidence.

**{¶61}** The concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held,

**{¶62}** An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of

fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991).

**{¶63}** In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

**{¶64}** Appellant was convicted of carrying a concealed weapon, in violation of R.C. 2923.12(A), which, again, reads,

**{¶65}** "(A) No person shall knowingly carry or have, concealed on the person's person or concealed ready at hand, any of the following:

**{¶66}** "(1) A deadly weapon other than a handgun;

**{¶67}** "(2) A handgun other than a dangerous ordnance;

**{¶68}** "(3) A dangerous ordnance."

**{¶69}** The evidence presented at trial demonstrates Appellant had on his person a knife with the bottom portion concealed in a sheath in his pocket, and the top portion covered by his hoodie sweatshirt.  Detective McGeorge testified at trial, upon approaching Appellant, he was unable to see a knife on Appellant's person even though he was looking for one.  He further testified he located the knife on Appellant by pulling

Appellant's jacket [hoodie] back and finding the knife in a sheath attached to Appellant's right hip. He stated Appellant had the sheath tucked into his front pocket further concealing the weapon. Detective McGeorge testified the blade of the knife was approximately six inches, and the blade extended below Appellant's belt. He testified Appellant's jacket [hoodie] hung down past his waist to approximately his mid-thigh.

{¶70} In addition, the video evidence obtained from the police cruiser indicates Appellant knowingly had the knife on his person.

{¶71} Based upon the evidence presented, we find Appellant's conviction for carrying a concealed weapon is not against the manifest weight and sufficiency of the evidence.

{¶72} The fourth and fifth assignments of error are overruled.

{¶73} Appellant's conviction entered by the Licking County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Baldwin, J. concur