[Cite as *State v. Salinas*, 2016-Ohio-7171.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

STATE OF OHIO,                                          CASE NO. 4-15-21

    PLAINTIFF-APPELLEE,

    v.

PAULETTA D. SALINAS,                            O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Defiance County Common Pleas Court

Trial Court No. 14-CR-1195

Judgment Affirmed

Date of Decision:  October 3, 2016

APPEARANCES:

    *W. Alex Smith* **for Appellant**

    *Russell R. Herman* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Pauletta Salinas ("Pauletta") brings this appeal from the judgment of the Court of Common Pleas of Defiance County entering judgment of the jury's verdict finding her guilty of felonious assault and sentencing her on the conviction. On appeal Salinas challenges 1) the jury instruction given on the self-defense claim and 2) the effectiveness of counsel. For the reasons set forth below, the judgment is affirmed.

{¶2} On July 29, 2014, police responded to a domestic disturbance call involving Pauletta and her husband, Vincent Salinas ("Vincent"). When the police arrived, they found Vincent bleeding from a gunshot wound inflicted by Pauletta. Pauletta claimed that Vincent had attempted to rape her and she shot him in self-defense. Vincent claimed that they were engaged in consensual rough sex and she hit him with the gun and shot him.

{¶3} On August 7, 2014, the Defiance County Grand Jury indicted Pauletta on two counts: 1) Attempted Aggravated Murder in violation of R.C. 2923.02 and 2903.01(A) with a firearm specification, an unclassified felony and 2) Felonious Assault in violation of R.C. 2903.11(A)(2), a felony of the second degree. Doc. 1. A jury trial was held from September 8-11, 2015. At the conclusion of the trial, the jury returned a verdict of not guilty as to the attempted aggravated murder with the firearm specification and a verdict of guilty as to the felonious assault charge. Doc. 42. A sentencing hearing was held on November 12, 2015. Doc. 47. The trial court

sentenced Pauletta to six years in prison. *Id*. On December 2, 2015, Pauletta filed her notice of appeal. Doc. 50. Pauletta raises the following assignments of error on appeal.

## First Assignment of Error

**[Pauletta] received ineffective assistance of counsel and violation of [her] rights under the sixth and [fourteenth] amendments to the United States [C]onstitution [and] Article I, Section 10 of the [C]onstitution of the State of Ohio.**

## Second Assignment of Error

**[Pauletta's] sixth and fourteenth amendments were violated when she was given an improper jury instruction of self-defense under [R.C.] 2901.05(A) rather than presumptive self-defense under [R.C.] 2901.05(B).**

For clarity, we will be addressing the assignments of error out of order.

{¶4} Pauletta claims in the second assignment of error that the trial court should have instructed on self-defense as set forth in R.C. 2901.05(B) rather than that in R.C. 2901.05(A). Initially, this court notes that no request for this instruction was made at the time of trial. Thus, any alleged error must be reviewed under a plain error standard of review. *State v. Russell*, 5th Dist. Stark No. 2003CA00039, 2003-Ohio-5324. To prevail under a plain error analysis, the appellant must demonstrate that the outcome of the trial clearly would have been different but for the error. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id*. at 808.

The statute in question states in pertinent part as follows.

**(A) Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all elements of the offense is upon the prosecution. The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused.**

**(B)(1) Subject to division (B)(2) of this section, a person is presumed to have acted in self-defense or defense of another when using defensive force that is intended or likely to cause death or great bodily harm to another if the person against whom the defensive force is used is in the process of unlawfully and without privilege to do so entering, or has unlawfully and without privilege to do so entered, the residence or vehicle occupied by the person using the defensive force.**

**(2)(a) The presumption set forth in division (B)(1) of this section does not apply if the person against whom the defensive force is used has a right to be in, or is a lawful resident of, the residence or vehicle.**

**\* \* \***

**(3) The presumption set forth in division (B)(1) of this section is a rebuttable presumption and may be rebutted by a preponderance of the evidence.**

R.C. 2901.05. Pauletta argues that it was plain error for the trial court not to give the instruction that she had no duty to retreat because she was in her own home. However, this would only affect the outcome of the trial if the jury were to find that Vincent had unlawfully entered the residence. A review of the record indicates that there was evidence presented that indicated that Vincent had been invited to the home. Vincent testified that she had asked him to come to the house after work and

text messages from her phone to Vincent's indicated that she wanted him to come over. Thus, the jury could reasonably believe that Vincent had a right to be in the residence. The evidence does not show that but for the failure to give that instruction, the outcome of the case would have clearly been different. The second assignment of error is overruled.

{¶5} In the first assignment of error, Pauletta claims she was denied effective assistance of counsel.

> **In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State v. Hester* (1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304, paragraph four of the syllabus. When making that determination, a two-step process is usually employed. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." *State v. Lytle* (1976), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.**

> **On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. See *Vaughn v. Maxwell* (1965), 2 Ohio St.2d 299, 31 O.O.2d 567, 209 N.E.2d 164; *State v. Jackson*, 64 Ohio St.2d at 110–111, 18 O.O.3d at 351, 413 N.E.2d at 822.**

*State v. Calhoun*, 86 Ohio St.3d 279, 289, 1999–Ohio–102, 714 N .E.2d 905. The failure to prove either 1) a substantial violation or 2) prejudice caused by the

violation makes it unnecessary for a court to consider the other prong of the test. *State v. Anaya*, 191 Ohio App.3d 602, 2010-Ohio-6045, 947 N.E.2d 212, ¶ 25.

**{¶6}** Here, Pauletta claims that her counsel was ineffective for not requesting an instruction on self-defense as set forth in R.C. 2901.05(B) and instead just accepting the instruction as set forth in R.C. 2901.05(A). As discussed above, the evidence does not support the conclusion that the outcome of the trial would have clearly been different if the instruction to the jury had been different. Without a showing of prejudice, this court cannot find that counsel was ineffective for failing to request a different instruction. The first assignment of error is overruled.

**{¶7}** Having found no prejudicial error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Defiance County is affirmed.

*Judgment Affirmed*

**SHAW, P.J. and PRESTON, J., concur.**

**/hls**