[Cite as *Olmsted Falls v. Bowman*, 2014-Ohio-109.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99012**

## CITY OF OLMSTED FALLS

PLAINTIFF-APPELLEE

vs.

## TED BOWMAN

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Berea Municipal Court
Case No.   07 CRB 01486

**BEFORE:**   Keough, J., Stewart, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**   January 16, 2014

**ATTORNEY FOR APPELLANT**

Michael Aten
Westgate Towers, Suite 501
20525 Center Ridge Road
Rocky River, Ohio 44116

**ATTORNEY FOR APPELLEE**

Bradley D. Burland
1 Berea Commons, Suite 216
Berea, Ohio 44017

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Ted Bowman ("Bowman"), appeals his conviction. For the reasons that follow, we reverse and remand for further proceedings.

{¶2} In 2006, Bowman was notified by the city of Olmsted Falls ("city") that his real property was in violation of the city's zoning code and was ordered to bring his property into compliance. When Bowman did not comply with the notice, he was issued a citation and charged with failure to comply with that notice pursuant to Olmsted Falls Codified Ordinances 1210.03(b).

{¶3} Bowman moved to dismiss the citation, arguing that the citation issued to him did not charge a criminal offense. After the trial court denied the motion to dismiss and issued other adverse rulings against Bowman, Bowman pled no contest to the citation. The trial court sentenced him to a fine of $100 plus court costs, and 60 days in jail. Bowman appealed, challenging, among other things, that the trial court failed to comply with Crim.R. 11. *See Olmsted Falls v. Bowman,* 8th Dist. Cuyahoga No. 94000, 2010-Ohio-5767 ("*Bowman I*"). This court agreed, reversed Bowman's conviction, and remanded the case for further proceedings.

{¶4} On remand the matter proceeded to trial. Following the bench trial, the court found Bowman guilty and sentenced him to a $1,000 fine and 180 days in jail, which was deferred for 60 days with a reduction in the penalty if Bowman brought the property into compliance. Bowman now appeals, raising two assignments of error.

{¶5} In his first assignment of error, Bowman contends that the trial court erred and abused its discretion in violation of his right to compulsory process by granting in part the city's motion to quash the subpoena duces tecum directed to Robert McLaughlin, Administrator of Building and Zoning for the city.

{¶6} In March 2009 and again in 2012 after *Bowman I*, Bowman issued a subpoena duces tecum to McLaughlin and the city requesting that the city provide documentation and photographs pertaining to the prosecution of the city's case against Bowman. The information requested included documentation regarding Bowman's property, but also "citations, zoning compliance certificates and occupancy permits issued since October 1997" for twelve other properties.

{¶7} In response to the 2009 request, McLaughlin and the city filed a written motion to quash the subpoena contending that the subpoena is unreasonable, oppressive, and the information requested is irrelevant. The court granted the motion to quash, in part — quashing the documents requested for the twelve other properties, but ordering the city to provide the documents and items requested only as they pertained to Bowman's property. The court further denied Bowman's request for reconsideration.

{¶8} Prior to the start of trial in 2012, the city orally moved to quash the re-issued subpoena as to the information requested on the other parcels of property not belonging to Bowman because the evidence would be irrelevant and the production of the documents would be unreasonable and oppressive. The trial court agreed, specifically finding that "reference to any other lot would be irrelevant, * * * and evidence as to any other lot is

excluded." Additionally, the App.R. 9(C) statement of the proceedings provides that the court indicated that "it had already ruled on this motion previously. Also, the records were not available for proffer into evidence."

{¶9} Bowman contends on appeal that the trial court erred in (1) failing to hold an evidentiary hearing prior to quashing his subpoena and (2) the action of quashing his subpoena prevented him from proving his defense of selective prosecution.

{¶10} Crim.R. 17(C) confers upon the trial court the discretion to quash or modify a subpoena, on motion of a party, if compliance would be "unreasonable or oppressive." *State v. Baker*, 12th Dist. Warren No. CA2009-06-079, 2010-Ohio-1289, ¶ 15. An appellate court generally applies an abuse of discretion standard in reviewing a trial court's decision concerning a motion to quash a subpoena. *State v. Strickland*, 183 Ohio App.3d 602, 2009-Ohio-3906, 918 N.E.2d 170, ¶ 37 (8th Dist.).

{¶11} When deciding a motion to quash a subpoena under Crim.R. 17, the trial court must conduct an evidentiary hearing. *In Re Subpoena Duces Tecum Served upon Attorney Potts*, 100 Ohio St.3d 97, 2003-Ohio-5234, 796 N.E.2d 915, paragraph one of the syllabus.

> At the hearing, the proponent of the subpoena bears the burden of demonstrating that the subpoena is not unreasonable or oppressive by showing "(1) that the subpoenaed documents are evidentiary and relevant; (2) that they are not otherwise reasonably procurable in advance of trial by due diligence; (3) that the proponent cannot properly prepare for trial without production and inspection of the documents and that the failure to obtain the documents may tend to unreasonably delay the trial, and (4) that the subpoena is made in good faith and not intended as a general 'fishing expedition.'"

*Id.*, quoting *United States v. Nixon*, 418 U.S. 683, 699-700, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).

**{¶12}** In this case, the trial court did not conduct an evidentiary hearing prior to ruling on the city's day of trial oral motion to quash. Even if the court silently considered the *Nixon* factors, as the city argues on appeal, this "non-oral" consideration is insufficient under *Nixon* and *Potts* because the proponent of the subpoena bears the burden of proving that he satisfies the *Nixon* factors. *See Potts* at ¶ 15. A trial court unilaterally determining whether the proponent can or cannot satisfy his or her burden without hearing any argument deprives the proponent due process under the law.

**{¶13}** Therefore, following the precedent in *Potts*, we sustain Bowman's assignment of error. Reversing on this issue renders Bowman's second issue concerning selective prosecution also raised under this assignment of error moot.

**{¶14}** In his second assignment of error, Bowman contends that the trial court erred and abused its discretion in violation of his right to present a defense by granting the city's motion to exclude evidence regarding procedural defects in the enactment of the zoning ordinance.

**{¶15}** The App.R. 9(C) statement provides that Bowman, as a defense to the citation, challenged the validity of the ordinance under which he was charged. He "contended that the [c]ity [c]harter mandated 'yea' or 'nay' votes on all business. [Bowman] proposed to introduce the testimony of Angela Mancini, the Olmsted Falls Clerk of Council, to the effect that the votes taken on the ordinance in question were 'yes'

or 'no' votes." According to Bowman, the use of the "yes" or "no" votes were not in conformity with the city charter, therefore, the ordinance was never properly enacted.

{¶16}    According to the App.R. 9(C) statement,

The Court found that the terms "yea" and "nay" were not defined in the City Charter nor the ordinances adopted pursuant thereto and that common sense interprets such terms as requiring only an indication of an affirmative or negative vote, irrespective of the words actually used.   To find otherwise, the Court reasoned, would practically disenfranchise council members and therefore the citizens of Olmsted Falls.   Having so decided, the Court granted the prosecution's motion to exclude evidence as to the validity of the ordinance.   The witness was then excused without having proffered records subpoenaed or evidence to which she would or could have testified.

{¶17} The App.R. 9(C) record before this court does not provide that Bowman objected to Mancini being excused as a witness or that he was precluded from proffering the records or evidence to which Mancini would have testified.   Accordingly, there is nothing in the record before this court that the city charter was not followed when the city enacted Olmsted Falls Ordinances 1210.03(b).

{¶18}    Bowman's second assignment of error is overruled.

{¶19} Judgment reversed; case remanded to the trial court for further proceedings consistent with this opinion, including conducting an evidentiary hearing and applying the appropriate standard on the city's motion to quash.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MELODY J. STEWART, P.J., and
EILEEN T. GALLAGHER, J., CONCUR