[Cite as *Cincinnati v. Neff*, 2014-Ohio-2026.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF CINCINNATI, | : | APPEAL NO. C-130411 |
| | | C-130511 |
| Plaintiff, | : | C-130512 |
| | | TRIAL NO. 12TRC-25896 |
| vs. | : | |
| | | |
| ALLISON NEFF, | : | *O P I N I O N.* |
| | | |
| Defendant-Appellee, | : | |
| | | |
| and | : | |
| | | |
| OHIO DEPARTMENT OF HEALTH, | : | |
| | | |
| Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  May 14, 2014

*John P. Curp,* City Solicitor, *Charlie Rubenstein,* City Prosecutor, and *Christopher Liu,* Assistant City Prosecutor, for Plaintiff City of Cincinnati,

*Marguerite Slagle* and *Steven R. Adams,* for Defendant-Appellee,

*Michael DeWine,* Ohio Attorney General, and *Melissa L. Wilburn,* Assistant Attorney General, for Appellant Ohio Department of Health.

Please note:  this case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge.**

{¶1} Appellant Ohio Department of Health (the "ODH") appeals the judgment of the Hamilton County Municipal Court denying a motion to quash a subpoena in a prosecution for operating a motor vehicle with a prohibited breath-alcohol concentration.

### Neff's Subpoena

{¶2} In 2012, defendant-appellee Allison Neff was charged with driving with a prohibited breath-alcohol concentration and driving while impaired. During discovery, Neff sought a number of documents in the possession of the ODH relating to the performance of the Intoxilyzer 8000, the machine the city of Cincinnati had used to measure her breath-alcohol concentration. Neff sought the ODH's computerized online breath archives compiled for the specific Intoxilyzer 8000 used in her test, as well as correspondence, maintenance records, and other material related to the machine. When she did not receive all of the requested material from the ODH, she filed a subpoena duces tecum.

{¶3} The ODH filed a motion to quash the subpoena, asserting, among other things, that production of the requested items would be unduly burdensome and oppressive. After hearing extensive oral argument concerning the subpoena, the trial court denied the motion to quash. The ODH now appeals.

### Appealabilty of the Trial Court's Order

{¶4} As a threshold matter, we must address Neff's argument that the trial court's denial of the motion to quash was not a final, appealable order and that this court is therefore without jurisdiction to entertain the appeal.

{¶5} In general, discovery orders are deemed to be interlocutory in nature and therefore not immediately appealable. *See, e.g., State v. South,* 5th Dist. Fairfield No. 04 CA 38, 2004-Ohio-5073, ¶ 25. But the issuance of a subpoena is a

provisional remedy under R.C. 2505.02(A)(3). *State v. Jeffery,* 2d Dist. Montgomery No. 24850, 2012-Ohio-3104, ¶ 11. And because the denial of a motion to quash a subpoena both determines the action with respect to the provisional remedy and prevents meaningful and effective appellate review after final judgment, it is a final and appealable order under R.C. 2505.02(B)(4). *Id.; see Scott Process Systems, Inc., v. Mitchell,* 5th Dist. Stark No. 2012CA00021, 2012-Ohio-5971, ¶ 23.

{¶6} Accordingly, the appeal in the instant case arises from a final, appealable order, and this court has jurisdiction to proceed.

### The Motion to Quash

{¶7} In its sole assignment of error, the ODH argues that the trial court erred in overruling its motion to quash the subpoena and in ordering the production of the material relating to the Intoxilyzer 8000.

{¶8} When deciding a motion to quash a subpoena under Crim.R. 17, the trial court must conduct an evidentiary hearing. *In re Subpoena Duces Tecum Served upon Attorney Potts,* 100 Ohio St.3d 97, 2003-Ohio-5234, 796 N.E.2d 915, paragraph one of the syllabus; *Cincinnati v. Ilg,* 1st Dist. Hamilton No. C-120667, 2013-Ohio-2191, ¶ 8. At the hearing, the proponent of the subpoena bears the burden of demonstrating that the subpoena is not unreasonable or oppressive by showing (1) that the subpoenaed documents are evidentiary and relevant; (2) that they are not otherwise reasonably procurable in advance of trial by due diligence; (3) that the proponent cannot properly prepare for trial without production and inspection of the documents and that the failure to obtain the documents may tend to unreasonably delay the trial, and (4) that the subpoena is made in good faith and not intended as a general "fishing expedition." *Id.* An appellate court generally applies an abuse-of-discretion standard in reviewing a trial court's decision concerning a motion to quash a subpoena. *State v. Strickland,* 183 Ohio App.3d 602, 2009-Ohio-3906, 918 N.E.2d 170, ¶ 37 (8th Dist.).

3

{¶9}     In the case at bar, the trial court erred in failing to conduct an evidentiary hearing.  Although the court conducted oral argument with respect to the subpoena, it did not receive sworn testimony or other material of evidentiary value.  Thus, on the state of the record before us, we cannot say whether the court's determination on the merits of the motion to quash was correct.

**Conclusion**

{¶10}     Because Neff was not required to meet her burden of demonstrating the propriety of the subpoena, we sustain the assignment of error.  The judgment is reversed and the cause is remanded for further proceedings in accordance with law.

Judgment reversed and cause remanded.

**DINKELACKER** and **FISCHER, JJ.,** concur.

Please note:

The court has recorded its own entry this date.

4