[Cite as *State v. Heretick*, 2017-Ohio-5682.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Maumee    Court of Appeals No.  L-16-1224

   Plaintiff       Trial Court No.  15TRC07101

v.

Corey T. Heretick

   Appellee      **DECISION AND JUDGMENT**

[Ohio Department of Health-Appellant]  Decided:  June 30, 2017

* * * * *

Andrew R. Bucher, for appellee.

Michael DeWine, Attorney General, and Deborah A. Enck and
Henry G. Appel, Assistant Attorney Generals, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Non-party appellant, Ohio Department of Health ("ODH"), appeals the

September 2, 2016 judgment of the Maumee Municipal Court which denied its motion to

quash a subpoena propounded upon it by the Maumee city prosecutor following a motion to compel discovery filed by defendant-appellee, Corey Heretick. For the reasons set forth herein, we reverse.

{¶ 2} The relevant background facts are as follows. On December 15, 2015, appellee was arrested for suspicion of driving under the influence of alcohol. At the Maumee Police station he submitted to a breath alcohol test on an Intoxilyzer 8000 instrument, serial number 80-003907. Appellee's breath-alcohol concentration was recorded at 0.148, a prohibited amount. Appellant was then charged under R.C. 4511.19(A)(1)(a) and (d).

{¶ 3} On June 3, 2016, appellee filed a motion to compel production of various documents relating to the Intoxilyzer 8000 and which were retained by ODH. Thereafter, the Maumee City Prosecutor issued a subpoena to the ODH demanding the production of the documents. On July 12, 2016, the ODH filed a motion to quash the city's subpoena, in part. In its motion, the ODH asserted that it had provided all the requested documents with the exception of the correspondence and communications including audiotape recordings between ODH and/or the Department of Public safety and the manufacturer, CMI, Inc., and the notes and memoranda regarding the production or schema (blueprint of the construction of the database) relating to the database.

{¶ 4} ODH claimed that requiring the production of the correspondence was unduly burdensome and was a classic example of a prohibited "fishing expedition." As

2.

to the database information, the ODH argued that this proprietary information belonged to the manufacturer and that the licensing agreement prohibits ODH from sharing the information with third parties.

{¶ 5} On September 2, 2016, the trial court summarily denied the motion stating: "Upon consideration of State's Attorney General Motion to Quash In Part Subpoena Issued to Ohio Department of Health, the Court finds that it is not well-taken and said motion is hereby denied." This appeal followed with appellant, ODH, raising two assignments of error.

> First Assignment of Error: The trial court abused its discretion when it denied ODH's motion to quash because appellee's demand for communications without a time limit is an "unduly burdensome … general 'fishing expedition'" under Crim.R. 17 and *Potts*.

> Second Assignment of Error: The trial court abused its discretion when it denied ODH's motion to quash and ordered production of material that could only be used to attack the general reliability of the Intoxilyzer 8000 in violation of *Ilg*.

{¶ 6} Initially we note that this court reviews a trial court's decision regarding the admission or exclusion of evidence for an abuse of discretion. *In re J.F.*, 6th Dist. Huron No. H-10-002, 2010-Ohio-4385, ¶ 8, citing *State v. Combs*, 62 Ohio St.3d 278, 581

3.

N.E.2d 1071 (1991).  A court abuses is discretion when its judgment is unreasonable or arbitrary.

{¶ 7} The Supreme Court of Ohio has held that "when deciding a motion to quash duces tecum requesting the production of documents prior to trial, a trial court shall hold an evidentiary hearing."  *In re Subpoena Duces Tecum Served upon Potts*, 100 Ohio St.3d 97, 2003-Ohio-5234, 796 N.E.2d 915, syllabus.  The court held that at the hearing the proponent of the subpoena must demonstrate to the court:

> "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "'fishing expedition.'" (*United States v. Nixon* [1974], 418 U.S. 683, 699-700, 94 S.Ct. 3090, 41 L.Ed.2d 1039, followed.)  *Id.*

{¶ 8} In a case involving the ODH's motion to quash a subpoena, the First Appellate District held that the trial court erred in denying the motion without first conducting an evidentiary hearing.  *Cincinnati v. Neff*, 1st Dist. Hamilton Nos. C-130411, C-130511, C-130512, 2014-Ohio-2026. The court noted that it was not the defendant's burden to demonstrate the propriety of the subpoena.  *Id.* at ¶ 10.  Similarly, in *Parma v.*

4.

*Schoonover*, 8th Dist. Cuyahoga No. 100152, 2014-Ohio-400, the trial court denied the ODH's motion to quash the subpoena without conducting an evidentiary hearing; the decision was reversed on this basis. *Id.* at ¶ 16, *relying on State v. Baker*, 12th Dist. Warren No. CA2009-06-079, 2010-Ohio-1289.

{¶ 9} In the present case, the ODH first argues that because the trial court failed to conduct an evidentiary hearing, appellee failed to meet the requirements enumerated in the *Nixon* test. In response, appellee contends that the ODH's refusal to provide the requested materials is merely a rehashing of multiple, prior cases including three in Maumee Municipal Court where hearings were held and extensive cross-examination of the defense expert was undertaken by the attorney general's office. Appellee further asserts that he requested that the trial court rely on one of the prior Maumee cases, *Maumee v. Abdullah*, Maumee M.C. No. 14TRC07683, in rendering its decision and that he provided the court with the transcript of the *Abdullah* hearing. Appellee argues that the testimony presented by Abdullah's expert during that hearing was uncontroverted; he goes on at length to recite the substance of the testimony. Based on this, appellee contends that in rendering its decision, the trial court had an "eloquent" and complete explanation of what records were being sought and why such evidence was necessary to determine the motion in this case.

{¶ 10} On review, we find that there is no indication in the record or, specifically, in the trial court's judgment, that it considered and relied upon prior hearings in its court.

5.

Further, the transcript from the *Abdullah* hearing was not filed in the instant case. We may not consider an expert's opinion admitted in a completely separate case. Moreover, there is no indication in the record that the trial court considered the *Nixon* factors in denying the ODH's motion.

{¶ 11} Based on the foregoing, we find that appellant ODH's first assignment of error is well-taken and that appellant's second assignment of error is moot.

{¶ 12} On consideration whereof, we find that appellant was prejudiced and the judgment of the Maumee Municipal Court is reversed and the matter is remanded for an evidentiary hearing on appellant's motion to quash the subpoena duces tecum. Pursuant to App.R. 24, appellee is ordered to pay the costs of this appeal.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                  JUDGE
Arlene Singer, J.          

James D. Jensen, P.J.          _____
CONCUR.                                        JUDGE

                              _____
                                                  JUDGE

| This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/. |
| --- |