[Cite as *Olmsted Falls v. Bowman*, 2024-Ohio-5100.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF OLMSTED FALLS,　　　　　:

　　　Plaintiff-Appellee,　　　　:

　　　　　　　　　　　　　　　　　　　No. 113696
　　　v.

TED BOWMAN,　　　　　　　　　　:

　　　Defendant-Appellant.　　　:

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 24, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-918232

---

### *Appearances:*

Toma & Associates, L.P.A., Inc., and Timothy N. Toma, *for appellee*.

James Alexander, Jr., Esq., LLC, and James Alexander, Jr.; Gary Cook, *for appellant*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant, Ted Bowman, appeals from the trial court's February 22, 2024 judgment overruling Bowman's objections to a magistrate's

decision and adopting that decision in this foreclosure action. After a thorough review of the facts and pertinent law, we affirm.

**Overview of the Case**

{¶ 2} In July 2019, plaintiff-appellee, City of Olmsted Falls, filed this foreclosure complaint against Bowman. The city sought to foreclose on vacant land owned by Bowman located on Columbia Road within its city limits. The city also named the State of Ohio Department of Taxation, the State of Ohio Bureau of Workers' Compensation, and the Internal Revenue Service; those governmental entities were named as defendants in the event they had an interest in, or lien against, the subject property. The matter was assigned to a magistrate of the court.

**Background History**

{¶ 3} This case was borne of years of contentious litigation between Olmsted Falls and Bowman. In 2006, Bowman filed an application with the Olmsted Falls' Board of Zoning Appeals to have his use of the property declared a legal preexisting nonconforming use. *Bowman v. Olmsted Falls*, 2017 U.S. Dist. LEXIS 128857, *2-3 (E.D. Ohio Aug. 14, 2017). Bowman's use of the property was "essentially . . . as a junk yard, [where he stored] several dilapidated vehicles, other scrap, waste and materials, and barrels with unknown contents — all in conflict with the permissible uses for the property." *Id*. at *2. The board denied Bowman's application and city council affirmed the denial. *Id*. at *2-3. Bowman appealed to the common pleas court, which affirmed the denial. *Id*. at *3. Bowman appealed to this court; the appeal was dismissed because Bowman failed to file a brief. *Id*. at *3,

*9-10; *see also Bowman v. Olmsted Falls*, 8th Dist. No. 90279, motion no. 403053 (Nov. 14, 2007).

{¶ 4} Bowman continued to use the property in a prohibited manner, which resulted in the city issuing citations and ensuing prosecutions through the Berea Municipal Court. *Bowman*, 2017 U.S. Dist. LEXIS 128857, at *3. The city prevailed in those cases and Bowman's challenges to those successes were twice rejected by this court. *Olmsted Falls v. Bowman*, 2014-Ohio-109 (8th Dist.), and *Olmsted Falls v. Bowman*, 2015-Ohio-2858 (8th Dist.). Bowman ultimately pleaded guilty to violating Olmsted Falls Cod. Ord. 1210.103(B) in exchange for the dismissal of several citations. *Bowman*, 2017 U.S. Dist. LEXIS 128857, at *id.*

{¶ 5} In 2014, the city filed a writ of mandamus in the common pleas court, seeking an order compelling Bowman to abate the nuisance on the property. *State ex rel. Olmsted Falls v. Bowman*, Cuyahoga C.P. No. CV-14-835343 (Nov. 14, 2014). In January 2015, Olmsted Falls and Bowman entered into an agreed judgment entry, under which a plan and schedule for Bowman to clean up the property was set forth. Bowman failed to adhere to the plan, and the trial court appointed a receiver to clean up and oversee the sale of chattel on the property. Bowman appealed. *See State ex rel. Olmsted Falls v. Bowman*, 2016-Ohio-5851 (8th Dist.). This court affirmed the trial court's judgment. *Id.* at ¶ 1, 12.

{¶ 6} After remand to the trial court, the receiver completed his duties and at the conclusion of the case the city filed a motion for attorney fees. The trial court granted the motion and awarded Olmsted Falls fees in the amount of $37,702.18,

plus interest at 4% per annum from November 14, 2017. The city recorded its judgment lien the same day the judgment was rendered, November 14, 2017, in Cuyahoga C.P. No. JL-17-830731. The lien was renewed on November 1, 2022, in Cuyahoga C.P. No. JL-22-119226.

{¶ 7} Bowman appealed. *See State ex rel. Olmsted Falls v. Bowman*, 2018-Ohio-4862 (8th Dist.). This court affirmed the trial court's judgment. *Id.* at ¶ 10. The Supreme Court of Ohio declined to review the matter. *See State ex rel. Olmsted Falls v. Bowman*, 2019-Ohio-1205.

{¶ 8} Meanwhile, while the state court nuisance action had been pending, Bowman filed an action in federal court, *Bowman v. Olmsted Falls*, 2016 U.S. Dist. LEXIS 175806. In that case, Bowman sued the city, its building commissioner, the receiver in the state court action, and the liquidator hired to auction Bowman's chattels. Bowman alleged that he was deprived of due process and equal protection because he was selectively prosecuted and the auction of his chattels was an unlawful taking. All of Bowman's claims were resolved in favor of the defendants. The city sought attorney fees; the district court denied its request.

{¶ 9} Bowman appealed and the city cross-appealed. *Bowman v. Olmsted Falls*, 756 Fed. Appx. 526 (6th Cir. 2018). The Sixth Circuit affirmed the district court's judgment in favor of the defendants and remanded the case for further consideration of the city's request for attorney fees. *Id.* at 527, 532.

{¶ 10} On remand, the district court found that Bowman's federal action was frivolous, finding that Bowman filed the suit despite his claims having been

repeatedly rejected. The court awarded Olmsted Falls attorney fees in the amount of $34,489.19, plus interest at the rate of 5% per annum from March 19, 2019. Olmsted Falls recorded this judgment as a lien in Cuyahoga C.P. No. JL-19-885084. *See Bowman v. City of Olmsted Falls*, 2017 U.S. Dist. LEXIS 128857 (N.D. Ohio Aug. 14, 2017).

{¶ 11} Again, Bowman appealed. The Sixth Circuit upheld the award of attorney fees to Olmsted Falls. *Bowman v. Olmsted Falls*, 802 Fed. Appx. 971 (6th Cir. 2020).

**The Within Case**

{¶ 12} Olmsted Falls initiated this foreclosure action based on the two judgments — which were recorded as liens — it obtained against Bowman. The Ohio Department of Taxation and the Ohio Bureau of Workers' Compensation answered Olmsted Falls' complaint and admitted that they both had an interest in the subject property; specifically, they had recorded liens against the property. The Internal Revenue Service initially failed to answer, and Bowman filed a motion for default judgment against it; the trial court set the matter for a default hearing. At the default hearing, it was discovered that the federal government had never been properly served. Thus, Olmsted Falls filed an amended complaint, correcting the name of and service on the federal government defendant. The Internal Revenue Service was served and filed an answer disclaiming any interest in the subject property.

{¶ 13} Bowman answered the city's complaint (and amended complaint), counterclaimed against the city, and cross-claimed against the governmental

entities. Bowman asserted numerous affirmative defenses and for his counterclaims against Olmsted Falls sought relief based on (1) a declaratory judgment, (2) quiet title, (3) slander of title, and (4) property damage. Bowman's cross-claims against the governmental entities sought relief based on (1) quiet title (asserted against all three of the other governmental entities) and (2) declaratory judgment (asserted against the Internal Revenue Service).

{¶ 14} Prior to service being perfected on the Internal Revenue Service, Olmsted Falls and Bowman filed motions for summary judgment. Bowman filed a motion to compel discovery, which the city opposed. Olmsted Falls contended that Bowman's motion was "predicated on his most recently fabricated argument that counsel for Olmsted Falls was somehow not properly retained by the City in obtaining the judgments against him." The city maintained that "[i]t is none of Bowman's business and goes directly to the heart of attorney-client privilege." Thus, Olmsted Falls filed a motion for a protective order or alternatively to stay discovery pending the court's ruling on dispositive motions. The trial court granted the city's motion.

{¶ 15} After service was perfected on the Internal Revenue Service, the parties refiled their motions for summary judgment; Bowman did not renew his motion to compel. In December 2023, the magistrate issued a decision with findings of fact and conclusions of law. Specifically, the magistrate found that Olmsted Falls, the Ohio Department of Taxation, and the Ohio Bureau of Workers' Compensation all had valid and subsisting liens against the subject property, which they were

entitled to enforce. Thus, the city's motion for summary judgment was granted, Bowman's motion for summary judgment was denied, and Bowman's counterclaims and cross-claims were dismissed with prejudice.

{¶ 16} Bowman filed objections to the decision, contending (1) the counterclaims were not barred under the doctrine of res judicata, (2) the slander of title claim was not barred under any applicable statute of limitations, (3) the property damage claim was not barred under any legal or equitable doctrine and was not a mere attempt to relitigate claims previously decided by a court of competent jurisdiction, and (4) he was entitled to summary judgment. The trial court overruled Bowman's objections and adopted the magistrate's decision. Bowman now appeals, raising the following assignments of error for our review:

I.      The trial court erred in its February 22, 2024 judgment entry and opinion granting the appellee's motion for summary judgment and dismissing the appellant's counterclaims, as there existed genuine issues of material facts and appellees were not entitled to judgment as a matter of law.

II.     The trial court erred in failing to grant appellant's motion for summary judgment as there existed no genuine issues of material facts and appellant was entitled to judgment as appellee could not and did not establish that the instant action was authorized as required by the laws governing Olmsted Falls.

III.    It was an abuse of discretion for the trial court to deny appellant's motion to compel discovery and to grant appellee protective orders denying appellant access to discovery critical to appellant's claims and defenses.

IV.     It was clear error of law for the trial court to dismiss appellant's counterclaims and cross claims without trial or hearing where such claims were never addressed in summary judgment by any party.

**Law and Analysis**

{¶ 17} We initially consider Bowman's third assigned error in which he contends that the trial court abused its discretion by denying his motion to compel and granting the city's motion for a protective order. The subject of those motions related to Bowman's attempt to obtain information relating to Olmsted Falls' process of hiring outside counsel in this litigation.

{¶ 18} "Although, generally, discovery orders are reviewed under an abuse-of-discretion standard, the Supreme Court of Ohio has concluded that the issue of whether the information sought is confidential and privileged from disclosure is a question of law that should be reviewed de novo." *Ward v. Summa Health Sys.*, 2009-Ohio-4859, ¶ 11 (9th Dist.). "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." Civ.R. 26(B)(1).

{¶ 19} Further, Civ.R. 26(A) sets forth the general policy governing discovering as follows:

> It is the policy of these rules (1) to preserve the right of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of such cases and (2) to prevent an attorney from taking undue advantage of an adversary's industry or efforts.

{¶ 20} A request for a protective order may be made "by any party or by the person from whom discovery is sought, and for good cause shown" if "justice

requires [such an order] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Civ.R. 26(C).

{¶ 21} "In Ohio, the attorney-client privilege is governed by statute, R.C. 2317.02(A), and in cases that are not addressed in R.C. 2317.02(A), by common law." *State ex rel. Leslie v. Ohio Housing Fin. Agency*, 2005-Ohio-1508, ¶ 18. The privilege prevents "[a]n attorney" from testifying "concerning a communication made to the attorney by a client in that relation or the attorney's advice to a client," with certain exceptions, none of which apply here. R.C. 2317.02(A)(1) and (2). In *Leslie*, the Supreme Court of Ohio concluded that the attorney-client privilege in Ohio extends to government agencies consulting with in-house counsel for legal advice or assistance, even if that counsel is not an assistant attorney general. *Id.* at ¶ 43.

{¶ 22} Bowman had no right to the information he sought, because it was privileged. Further, there was nothing untoward about Olmsted Falls using outside counsel. A city's charter provision setting forth a law director to represent the city in its litigation does not affect the city's ability to employ outside counsel to assist the law director. *State ex rel. Paluf v. Feneli*, 69 Ohio St.3d 138, 143 (1994); *Cuyahoga Falls v. Robert*, 58 Ohio St.3d 1, 5, fn. 2 (1991). In an affidavit, Olmsted Falls' law director averred that outside counsel was retained to assist with the past proceedings and that counsel's work on all the litigation this matter has generated continued through to the within action. The law director averred that he has been, and continues to be, responsible for, overseeing this litigation.

{¶ 23} Moreover, litigation surrounding the subject property has been ongoing for years and outside counsel has assisted the city in the litigation, without objection from Bowman.

{¶ 24} On this record, the trial court did not err by denying Bowman's motion to compel and granting the city's motion for a protective order. The third assignment of error is overruled.

{¶ 25} The remaining assignments of error relate to the trial court's granting summary judgment in favor of Olmsted Falls and will be considered together.

{¶ 26} We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). The standard under Civ.R. 56 sets forth that summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party. The party moving for summary judgment bears this burden and must set forth specific facts that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact. *Id.* at 293. When responding to a

motion for summary judgment, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).

{¶ 27} Under R.C. 2329.02:

Any judgment or decree rendered by any court of general jurisdiction, including district courts of the United States, within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of such judgment, setting forth the court in which the same was rendered, the title and number of the action, the names of the judgment creditors and judgment debtors, the amount of the judgment and costs, the rate of interest, if the judgment provides for interest, and the date from which such interest accrues, the date of rendition of the judgment, and the volume and page of the journal entry thereof.

{¶ 28} R.C. 2323.07 provides for foreclosure on a judgment lien:

When a mortgage is foreclosed or a specific lien enforced, a sale of the property, or a transfer of property pursuant to sections 323.28, 323.65 to 323.78, and 5721.19 of the Revised Code, shall be ordered by the court having jurisdiction or the county board of revision with jurisdiction pursuant to section 323.66 of the Revised Code.

{¶ 29} Olmsted Falls' motion for summary judgment was based on the two judgments it obtained against Bowman — one in the common pleas court and one in the federal district court — both of which the city recorded and both of which have been affirmed on appeal by this court and the federal court. In this appeal, Bowman attempts to either raise new issues for the first time or relitigate claims that have been debunked. Neither ground is sufficient for a reversal of the trial court's judgment.

{¶ 30} Bowman's claims are barred under the doctrine of res judicata. Under that doctrine, a party cannot litigate an issue that was previously fully

litigated between the parties and determined in a final judgment on the merits by a court of competent jurisdiction. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). Res judicata applies both to issues that were or could have been raised earlier. *Manigault v. Ford Motor Co.*, 134 Ohio App.3d 402, 412 (8th Dist. 1999).

{¶ 31} In short, Bowman owes debts to Olmsted Falls, the city reduced those debts to liens against the subject property, and the city recorded the liens. Under R.C. 2323.07, the city sought to foreclose on those liens. The facts underlying this case, which gave rise to liens, have been extensively litigated, and Bowman's governmental tyranny and conspiracy claims have been repeatedly debunked. We agree with the Sixth Circuit Court of Appeals — "Bowman had his day in court" on his claims. *Bowman*, 756 Fed. Appx. at 532. Further, Bowman's complaint regarding what he terms the trial court's "rote" adoption of the magistrate's decision is without merit, because he did not request findings of fact and conclusions of law. The first, second, and fourth assignments of error are overruled.

{¶ 32} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule

27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

EMANUELLA D. GROVES, P.J., and
MARY J. BOYLE, J., CONCUR